GILSON v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 6, 1911.)

No. 1,800.

PUBLIC LANDS (§ 120*)—SUIT FOR CANCELLATION OF PATENT—FRAUDULENT HOMESTEAD ENTRY.

Evidence that defendant induced another man. who was old, destitute, and decrepit, to make a homestead entry of land near his own, paid the entry fees and for the relinquishment of a prior entry, kept the entryman in supplies until the entry was commuted, furnished the money to pay the commutation price, taking a mortgage therefor and possession of the land. and a deed as soon as patent was issued. and that the proof of improvement and cultivation on which the commutation was allowed was false, to defendant's knowledge, is sufficient to establish that the entry was made for defendant's benefit and was fraudulent, and to authorize the cancellation of the patent.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 332–335; Dec. Dig. § 120.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

Appeal from the Circuit Court of the United States for the Southern Division of the Eastern District of Washington.

Suit in equity by the United States against Silas A. Gilson. Decree for complainant, and defendant appeals. Affirmed.

Frank A. Luse and Allen S. Davis, for appellant.

Joseph B. Lindsley, U. S. Atty., and Charles A. MacMillan, Asst. U. S. Atty.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The United States brought a suit in equity to cancel a patent issued to one Daniel Landis for a tract of land subsequently conveyed by Landis to the appellant, on the ground that Landis did not enter the land under the homestead law in good faith to acquire a homestead for himself, but acted as the instrument of Gilson, to acquire title for the latter's use and benefit. Landis made his entry under section 2289 of the Revised Statutes (U. S. Comp. St. 1901, p. 1388), in November, 1899, and three years later he commuted under section 2301 of the Revised Statutes (U. S. Comp. St. 1901, p. 1406) and in July, 1903, he received a patent. On the day on which he made the commutation entry he gave a mortgage on the land to the appellant, and from that date ceased to live on the land. As soon as the patent issued, he conveyed the land to the appellant. There is convincing evidence in the record that for some time prior to the date of the commutation there had been an agreement and understanding between Landis and the appellant whereby the latter was to have the land, and that in pursuance of that agreement the subsequent mortgage and conveyance were made.

The trial court found that the evidence upon which the commutation entry was allowed, consisting of the sworn statements of Landis and two witnesses, to the effect that the former had lived on the land and made improvements and had cultivated three acres three seasons, was false; that none of the land had been plowed, excepting during the third year, and that no crop therefrom was ever harvested; that in fact Landis made only a pretense of settlement, and a showing of improving the land, and served as an instrument for acquiring the title for the use and benefit of the appellant.

It is true there is no very specific testimony that an understanding between Landis and the appellant was had before the entry was made that the title was to be acquired for the latter. The appellant denied that there was any such understanding, and Landis was dead at the time when the testimony was taken; but there were circumstances and testimony clearly pointing to that conclusion, and we cannot say that they were insufficient to sustain the finding of the court below. Landis was past 70 years of age, and was decrepit and destitute. The appellant sought him out, took him to the land and pointed it out to him, induced him to settle on it, and negotiated and paid for the relinquishment of a prior settlement thereon. He paid the fees incident to the entry, and the fees when final proof was made. There is evidence that he was cognizant of the nature and extent of the improvements and cultivation made by Landis, and that he was aware of the untruth of

the final proofs which were made of such settlement and cultivation. From the time of the entry Landis was engaged in doing light jobs of work for the appellant, whose house was but a quarter of a mile from the claim in question; but there was no agreement as to wages, and during the whole period of Landis' residence on the land the appellant furnished him groceries and supplies, and small sums of money from time to time for his support, all without any security for repayment. There was evidence of statements, made by Landis to others, to the effect that he had entered the land to obtain the same for the appellant, and not for himself. On the date of the commutation the appellant gave him $100, and he surrendered the possession.

In view of all these facts, we find no error in the conclusion, which the trial court reached, that the patent should be canceled, and it becomes unnecessary to consider the questions of law suggested by the appellant, who urges that inasmuch as the final proof was not made under section 2291 (page 1390) but was made under section 2301 of the Revised Statutes, proof that the claimant had made an agreement before commutation to deed his land to another could not affect the validity of the title obtained from the United States, for the reason that section 2301 prescribes as requisite to commutation proof only that the entryman has made settlement, cultivation, and residence for 14 months, and does not require him to make oath that he has not alienated any portion of the land.

The decree is affirmed.